UNITED BOOKING OFFICES OF AMERICA v. GAYNOR, Mayor, et al.

(Circuit Court, S. D. New York. April 10, 1911.)

INJUNCTION (§ 145*)—PRELIMINARY INJUNCTION—RIGHT TO WRIT—AFFIDAVIT —STATUTES—CONSTITUTIONALITY.

Where complainant's only right to an injunction restraining public officers from enforcing Laws N. Y. 1910, c. 700, §§ 180, 183, 185, regulating theatrical employment agencies, depended on a determination that such sections were in violation of the fourteenth amendment of the federal Constitution, and it did not appear that complainant's business would sustain substantial and irreparable loss by their complying with the statute until its validity could be determined on final hearing, a temporary injunction restraining such officers from enforcing the statute pendente lite would not be granted on affidavits.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 145.*]

In Equity. Suit by the United Booking Offices of America against William J. Gaynor, as Mayor of the City of New York, and Herman Robinson, as Commissioner of Licenses. On application for preliminary injunction restraining defendants from revoking complainant's license to do business as a theatrical employment agency, and from proceeding to do so under Laws N. Y. 1910, c. 700, and from taking any action or proceeding thereunder against complainant for violation of such law, pending final hearing and determination of the suit. Application denied.

Maurice Goodman (Henry W. Taft, of counsel), for complainant.
Archibald R. Watson, for defendants.

LACOMBE, Circuit Judge. It is not understood that there is any suggestion that defendants contemplate revoking complainant's license, or taking any action against it, except in the event of its failure to comply with the provisions of the statute referred to. The sole question is whether such provisions, so far as they require complainant to do or to refrain from doing certain things, are or are not in contravention of the fourteenth amendment of the Constitution of the United States and of article 1, §§ 1, 6, of the Constitution of the state of New York.

The complainant is a corporation organized under the laws of the state of Maine, and with the assent of the state has been engaged in business in the city of New York as a theatrical employment agency since February 11, 1907. On May 12, 1910, it took a license for one year under the provisions of the statute regulating the business of employment agents. Chapter 25, Laws of 1909 (Consol. Laws 1909, c. 20). Subsequently, on June 25, 1910, this statute was amended in several particulars by chapter 700 of the Laws of 1910. It is in reference to sections 180, 183, and 185 of the amended act that complainant seeks relief.

The business in which complainant is engaged consists in bringing the managers or owners of vaudeville theaters in contact with the actors, actresses, and managers of vaudeville acts, and in procuring a contract to be entered into between such persons. It represents about 100 theaters located in the Eastern part of the United States and in Canada, and procures each week, except during the summer months, engagements for about 500 actors and actresses and owners of vaudeville acts.

The three sections above referred to (180, 183, and 185) undertake to regulate, with a minuteness rarely found in legislative enactment, the details of what certainly seems to be a private business. Defendants undertake to sustain them against the constitutional objections on the theory that they are within a legitimate exercise of the police power of the state. There are many instances where the constitutionality of a statute can be determined by a mere reading of the act and of the particular provision of the Constitution to which the objector appeals. But one needs only to read a few of the recent deliverances of courts of last resort, national or state, to discover that it is unsafe for any one to undertake to determine whether any statute, however extraordinary as a matter of first impression its provisions may appear, is or is not within the reserved police power of the state which has enacted it, without a comprehensive presentation of all the conditions in view of which it has passed. Such a comprehensive presentation can rarely be secured on these preliminary motions based on affidavits. Unless it appears very clearly that some grave, substantial, and irreparable damage will be sustained by complainant in the interim, it is wiser not to undertake to interfere until the situation is fully illuminated by the record of a trial.

The court is not persuaded that the complainant's business will sustain such substantial and irreparable loss by complying with the terms of the statute until its validity can be determined at final hear-

ing. When the various employers, actors, and vaudeville shows find that they cannot obtain the services of complainant, or of any other agency in this state, except upon furnishing the information which section 180 not unreasonably requires, they will probably be willing to do so. There may be some temporary shrinkage in the complainant's business, but its extent is problematical.

The motion for preliminary injunction is denied.